FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAY 08 2019   ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

......................................................

Jacovetti Law, P.C., Renaissance Capital Group, LLC, FCS Capital Group, LLC, and Ultimate Relief, LLC

                                  **Plaintiff(s),**

                - against -

Creditor's Relief, LLC, Lupolover Mgmt., Inc., Law Offices of Michael Lupolover, P.C., Iazzetta Law LLC, Michael Lupolover, Suzanne Iazzetta, Peter Tiflinsky, Allan Tunit, Affiliate Marketing Group, LLC, Premier Developers, LLC, Premier Credit Pro, LLC, Premier Capital, LLC, Premier Solutions Today, LLC, Premier Pro Management, LLC, Capital Comeback, LLC, Premier Debt Help, LLC, Premier Financial, LLC d/b/a mycapitalkey.com, Premier Data World, LLC, Premier Debt Pro Servicing, LLC, Premier Consultant Group, LLC d/b/a Premier Debt Solvers, and Premier Financial, LLC,

                               **Defendant(s).**

......................................................

**COMPLAINT**

## CV19 2697

Case No.: 1:19-civ-

**BLOCK, J.**

**TISCIONE, M.J.**

Plaintiffs, Jacovetti Law, P.C., Renaissance Capital Group, LLC, FCS Capital Group, LLC, and Ultimate Relief, LLC by their undersigned attorneys, Huerta PLLC, as and for his complaint against defendants, Creditor's Relief, LLC, Lupolover Mgmt., Inc., Law Offices Of Michael Lupolover, P.C., Iazzetta Law, P.C., Michael Lupolover, Suzanne Iazzetta, Peter Tiflinsky, Alan Tunit, Affiliate Marketing Group, LLC, Premier Developers, LLC, Premier Credit Pro, LLC, Premier Capital, LLC, Premier Solutions Today, LLC, Premier Pro Management, LLC, Capital Comeback, LLC, Premier Debt Help, LLC, Premier Financial, LLC d/b/a mycapitalkey.com, Premier Data World, LLC, Premier Debt Pro Servicing, LLC, and Premier Consultant Group, LLC d/b/a Premier Debt Solvers and respectfully alleges upon his own personal knowledge, and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1.      This action is brought pursuant to federal and New York state statutes, laws and rules. Defendants have violated federal and state laws, including: defamation; theft of intellectual property; tortious interference with customers, merchants and employees; intent to commit a civil conspiracy; violation of New York GBL § 455; violation of article twelve-C of New York's banking law and unlicensed practice of law. That defendants, Michael Lupolover, Suzanne Iazzetta, Peter Tiflinsky and Alan Tunit individually and/or collectively control a bloc of corporate entities acting in concert, which have manifested and executed a scheme, internationally and in the state of New York, to hold themselves out as a legitimate enterprise, who solicits and engages with the public, banks and/or other creditors, to negotiate reduced amount of consumer and/or corporate debt through, Creditor's Relief, LLC, a "front" company named as a defendant herein. In New York, the legislature has codified these types of negotiations as "budget planning," and such requires licensure. Creditor's Relief, LLC, is not licensed as a budget planner in New York, nor is the Law Offices of Michael Lupolover, P.C. engaged in budget planning within the State of New York. In addition to the above described practices and violations of law, Creditor's Relief, LLC, engages in the systematic execution of corporate espionage and entrapment to target business rivals in an attempt to eliminate competition and/or exert pressure on business relationships they seek to disrupt and/or acquire.

**JURISDICTION AND VENUE**

2.      This Court has original jurisdiction over all federal law claims pursuant to 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1332 because the instant controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between citizens of different States, and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

3.     This action properly lies in the United States District Court, Eastern District of New York, pursuant to 28 U.S.C. sec. 1391 because the acts and violations of law alleged herein occurred in the State of New York, County of Nassau.

4.     The plaintiffs have not made the request of relief herein to any other Court or judge.

## PARTIES

5.     Plaintiff, Jacovetti Law, P.C., at all times relevant herein, is a domestic professional corporation of the State of New York, County of Nassau, with its principal place of business located at 194 Old Country Road, Mineola, New York 11501.

6.     Plaintiff, Renaissance Capital Group, LLC, at all times relevant herein, is a domiciliary of the State of New York, County of Kings, with its principal place of business located at 1644 East 14th Street, Brooklyn, New York 11229.

7.     Plaintiff, FCS Capital, LLC, at all times relevant herein, is a domiciliary of the State of New Jersey, County of Hudson, with its principal place of business located at 30 Montgomery Street, Jersey City, New Jersey 07302.

8.     Plaintiff, Ultimate Relief, LLC at all times relevant herein, is a domiciliary of the State of New York County of New York, with its principal place of business located at 265 East 78th Street, New York, New York 10075.

9.     That at all times herein mentioned, upon information and belief, defendant, Creditor's Relief, LLC, was and still is a Limited Liability Company duly licensed and existing under the and by virtue of the laws of the State of New Jersey. That Creditor's Relief, LLC is not registered with the New York State Department of State Division of Corporations, or otherwise existing under the and by virtue of the laws of the State of New York.

10.     That at all times herein mentioned, upon information and belief, defendant, Lupolover Mgmt, Inc., was and still is a Company incorporated and duly licensed and existing under the and by virtue of the laws of the State of Florida. That Lupolover Mgmt, Inc. is not registered with the New York State Department of State Division of Corporations, or otherwise existing under the and by virtue of the laws of the State of New York.

11.     That at all times herein mentioned, upon information and belief, defendant, Law Offices of Michael Lupolover, P.C., was and still is a Professional Corporation duly licensed and existing under the and by virtue of the laws of the State of New Jersey. That Law Offices of Michael Lupolover, P.C. is not registered with the New York State Department of State Division of Corporations, or otherwise existing under the and by virtue of the laws of the State of New York.

12.     That at all times herein mentioned, upon information and belief, defendant, Iazzetta Law, P.C., was and still is a Professional Corporation duly licensed and existing under the and by virtue of the laws of the State of New Jersey. That Iazzetta Law, P.C. is not registered with the New York State Department of State Division of Corporations, or otherwise existing under the and by virtue of the laws of the State of New York.

13.     That at all times herein mentioned, upon information and belief, defendant Michael Lupolover, at all times relevant herein, is a domiciliary of the State of Florida, County of Miami-Dade.

14.     That at all times herein mentioned, upon information and belief, defendant, Suzanne Iazzetta, at all times relevant herein, is a domiciliary of the State of New Jersey, County of Essex.

15.     That at all times herein mentioned, upon information and belief, defendant Peter Tiflinsky, at all times relevant herein, is a domiciliary of the State of New Jersey, County of Bergen.

16.     That at all times herein mentioned, upon information and belief, defendant Alan Tunit, at all times relevant herein, is a domiciliary of the State of New Jersey, County of Monmouth.

17.     That at all times herein mentioned, upon information and belief, defendant, Affiliate Marketing Group, LLC, was and still is a Limited Liability Company duly licensed and existing under the and by virtue of the laws of the State of New Jersey. That Affiliate Marketing Group, LLC is not registered with the New York State Department of State Division of Corporations, or otherwise existing under the and by virtue of the laws of the State of New York.

18.     That at all times herein mentioned, upon information and belief, defendant, Premier Developers, LLC, was and still is a Limited Liability Company duly licensed and existing under the and by virtue of the laws of the State of New Jersey. That Premier Developers, LLC is not registered with the New York State Department of State Division of Corporations, or otherwise existing under the and by virtue of the laws of the State of New York.

19.     That at all times herein mentioned, upon information and belief, defendant, Premier Credit Pro, LLC, was and still is a Limited Liability Company duly licensed and existing under the and by virtue of the laws of the State of New Jersey. That Premier Credit Pro, LLC is not registered with the New York State Department of State Division of Corporations, or otherwise existing under the and by virtue of the laws of the State of New York.

20.     That at all times herein mentioned, upon information and belief, defendant, Premier Capital, LLC, was and still is a Limited Liability Company duly licensed and existing

under the and by virtue of the laws of the State of New Jersey. That Premier Capital, LLC is not registered with the New York State Department of State Division of Corporations, or otherwise existing under the and by virtue of the laws of the State of New York.

21.     That at all times herein mentioned, upon information and belief, defendant, Premier Solutions Today, LLC, was and still is a Limited Liability Company duly licensed and existing under the and by virtue of the laws of the State of New Jersey. That Premier Solutions Today, LLC is not registered with the New York State Department of State Division of Corporations, or otherwise existing under the and by virtue of the laws of the State of New York.

22.     That at all times herein mentioned, upon information and belief, defendant, Premier Pro Management, LLC, was and still is a Limited Liability Company duly licensed and existing under the and by virtue of the laws of the State of New Jersey. That Premier Pro Management, LLC is not registered with the New York State Department of State Division of Corporations, or otherwise existing under the and by virtue of the laws of the State of New York.

23.     That at all times herein mentioned, upon information and belief, defendant, Capital Comeback, LLC, was and still is a Limited Liability Company duly licensed and existing under the and by virtue of the laws of the State of New Jersey. That Capital Comeback, LLC is not registered with the New York State Department of State Division of Corporations, or otherwise existing under the and by virtue of the laws of the State of New York.

24.     That at all times herein mentioned, upon information and belief, defendant, Premier Debt Help, LLC, was and still is a Limited Liability Company duly licensed and existing under the and by virtue of the laws of the State of New Jersey. That Premier Debt Help, LLC is not registered with the New York State Department of State Division of Corporations, or otherwise existing under the and by virtue of the laws of the State of New York.

25.     That at all times herein mentioned, upon information and belief, defendant, Premier Financial, LLC d/b/a mycapitalkey.com was and still is a Limited Liability Company duly licensed and existing under the and by virtue of the laws of the State of New Jersey. That Premier Financial, LLC d/b/a mycapitalkey.com is not registered with the New York State Department of State Division of Corporations, or otherwise existing under the and by virtue of the laws of the State of New York.

26.     That at all times herein mentioned, upon information and belief, defendant, Premier Data World, LLC, was and still is a Limited Liability Company duly licensed and existing under the and by virtue of the laws of the State of New Jersey. That Premier Data World, LLC is not registered with the New York State Department of State Division of Corporations, or otherwise existing under the and by virtue of the laws of the State of New York.

27.     That at all times herein mentioned, upon information and belief, defendant, Premier Debt Pro Servicing, LLC, was and still is a Limited Liability Company duly licensed and existing under the and by virtue of the laws of the State of New Jersey. That Premier Debt Pro Servicing, LLC is not registered with the New York State Department of State Division of Corporations, or otherwise existing under the and by virtue of the laws of the State of New York.

28.     That at all times herein mentioned, upon information and belief, defendant, Premier Consultant Group, LLC d/b/a Premier Debt Solvers, was and still is a Limited Liability Company duly licensed and existing under the and by virtue of the laws of the State of New Jersey. That Premier Consultant Group, LLC d/b/a Premier Debt Solvers is not registered with the New York State Department of State Division of Corporations, or otherwise existing under the and by virtue of the laws of the State of New York.

29.     That at all times herein mentioned, upon information and belief, defendant, Premier Financial, LLC, was and still is a sole proprietorship owned and operated by Alan Tunit in the State of New Jersey. That Premier Financial, LLC is not registered with the New York State Department of State Division of Corporations, or otherwise existing under the and by virtue of the laws of the State of New York.

## STATEMENT OF FACTS

30.     Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through **29** as though fully set forth herein.

31.     On information and belief Creditor's Relief, LLC solicits and engages with the public and banks and/or other creditors, to negotiate reduced amounts of consumer and/or corporate debt.

32.     Barry Shargel is owner and president of Renaissance Capital Group, LLC, ("Renaissance").

33.     John Micheline is the owner and president of Ultimate Relief, LLC, ("Ultimate").

34.     Emil Yashayev is the part owner of FCS Capital Group, LLC, ("FCS").

35.     Ultimate contracted and consulted with debt relief companies as an independent contractor for the purpose of assisting client companies with sales and operational structures for the debt relief industry.

36.     In or around August 2016, Michael Reilly, Director of Operations for Creditor's Relief, LLC, contacted Ultimate for the purpose of engaging Ultimate to assist Creditor's Relief, LLC.

37.    Ultimate accepted an engagement with Creditor's Relief, LLC, in or around August 2016 to implement their trade secrets, that is: sales structures, scripts, business processes and protocols it had previously developed. That is, that Creditor's Relief, LLC, recognized that Ultimate owned valuable trade secrets that would benefit their company and that these trade secrets were unavailable unless they hired Ultimate.

38.    That these trade secrets, that is: sales structures, scripts, business processes and protocols previously developed by Ultimate were developed over the course of years by trial and error. That in fact the cost and time of the development of these trade secrets, that is: sales structures, scripts, business processes and protocols came at great expense to Ultimate.

39.    That the trade secrets, that is: sales structures, scripts, business processes and protocols previously developed by Ultimate were not common or usual and in fact developed for the particular business of engaging and retaining customers in the debt relief business. That the debt relief business is extraordinary in the sense that it does not involve the mere sale of a product, but the engagement of a customer who has, in most cases, previously defaulted in their financial obligations, and bringing that individual out of intentional or involuntary default. While the process does involve a common sale, the proprietary information developed at great expense is actually the processes used to continue the retained engagement of the customer who chose to, could not stay out of or faces a default.

40.    On June 11, 2018, Ultimate terminated its engagement with Creditor's Relief, LLC, as Creditor's Relief, LLC, began to migrate its operations to Romania.

41.    That upon information and belief, Creditor's Relief, LLC, improperly shared Ultimate's trade secrets, that is: the sales structures, scripts, business processes and protocols previously developed by Ultimate before working with Creditor's Relief, LLC, with offshore

persons and/or entities operating in Romania and these persons and/or entities have been using such trade secrets for their own benefit. That upon information and belief, these trade secrets were shared for the benefit of Creditor's Relief, LLC, that is so that Creditor's Relief, LLC, could profit from a cheaper labor source.

42. On September 15, 2018, Renaissance contracted with Ultimate to restructure and to improve its existing commercial debt relief business.

43. On or about September 17, 2018, Daniel Ramos resigned from Creditor's Relief, LLC, due to their migration to Romania. Daniel did not have a non-compete agreement with Creditor's Relief, LLC.

44. On September 24, 2018, Michael Lupolover ("Lupolover") sent a threatening text message to Barry Shargel and Eddie Zabranov. Eddie Zabranov is a family relative to Barry Shargel.

45. On October 1, 2018, Daniel Ramos began employment at Jacovetti Law, PC.

46. On October 5, 2018, Omar Zaman ("Zaman") contacted John Micheline seeking employment stating he resigned from Creditor's Relief, LLC, due to the migration to Romania.

47. On October 5, 2018, Zaman began employment with Renaissance as a Customer Relationship Management Software manager and marketing assistant.

48. On information and belief, and upon information provided by Zaman, Lupolover through Creditor's Relief, LLC created a complex structure with numerous and various corporate entities that comingles corporate functions as well as corporate revenue including, but not limited to, Lupolover Mgmt., Inc., Law Offices Of Michael Lupolover, P.C., Affiliate Marketing Group, LLC, Premier Developers, LLC, Premier Credit Pro, LLC, Premier Capital, LLC, Premier Solutions Today, LLC, Premier Pro Management, LLC, Capital

Comeback, LLC, Premier Debt Help, LLC, Premier Financial, LLC d/b/a mycapitalkey.com, Premier Data World, LLC, Premier Debt Pro Servicing, LLC, Premier Consultant Group, LLC d/b/a Premier Debt Solvers and Premier Financial, LLC. Other participants in this complex corporate bloc, that operate through, or as, Creditor's Relief, LLC, are Iazzetta Law LLC, Suzanne Iazzetta, Peter Tiflinsky, and Allan Tunit.

49.    On November 20, 2018, Paul, an employee with Business Debt Adjusters, LLC ("Business"), contacted and met with Renaissance to explore an Independent Sales Organization ("ISO") relationship between Business and Renaissance.

50.    That same day, Renaissance contacted the owners of Business and Creditor's Relief, LLC, and determined that Business was an existing ISO with Creditor's Relief, LLC.

51.    Later that day, Renaissance rejected Business's offer to begin an ISO relationship with Renaissance.

52.    On information and belief, Lupolover had directed Paul to contact and offer marketing services to Renaissance in an effort to infiltrate and break up the plaintiffs' business structure and ultimately, to set the stage for a lawsuit against the plaintiffs for business torts and other claims.

53.    On November 20, 2018, Lupolover sent another threatening text message to Barry Shargel, Eddie Zabranov and Emil Yashayev.

54.    On December 1, 2018, Lupolover sent yet another threatening message to John Micheline on Facebook.

55.     On January 2, 2019, Richard Smartt resigned from Creditor's Relief, LLC, due to its migration to Romania.  Richard did not have a non-compete agreement with Creditor's Relief, LLC.

56.     On January 7, 2019, Richard Smartt began employment with Renaissance.

57.     On or about January 14, 2019, John Micheline discovered that Zaman was in contact with Petru Stiblei, ("Stiblei"), an employee of Premier Pro Management, LLC, ("Premier"), a company operating in Romania, for the purpose of selling a prospective customer list or commonly referred to as leads. That these leads that were owned by Creditor's Relief, LLC, were being marketed to Renaissance.

58.     On or about January 15, 2019, John Micheline confronted Zaman, who admitted to John that he and Stiblei conspired to sell leads owned by Creditor's Relief, LLC, to Renaissance.

59.     Renaissance did not accept or purchase, the referenced leads.

60.     On or about January 15, 2019, John Micheline informed Creditor's Relief, LLC, that Zaman and Stiblei conspired to sell leads to Renaissance.

61.     On or about January 15, 2019, Zaman was discharged from Renaissance.

62.     As of May 1, 2019, Stiblei was still employed by Premier.

63.     On information and belief, Lupolover and/or Alan Tunit had directed Zaman to seek and retain employment with Renaissance and to attempt to sell leads owned by Creditor's Relief, LLC, in a scheme to again set the stage for a lawsuit against the plaintiffs for business torts and other claims.

64.     On or about February 25, 2019, Creditor's Relief, LLC, filed and served an action against, including but not limited to, Jacovetti Law, P.C, Robert C. Jacovetti

individually, Renaissance Capital Group, LLC, FCS Capital Group, LLC, John Micheline, individually, in Superior Court of New Jersey Law Division, Bergen County, docket no. BER-L-1456-19.

65.     That Creditor's Relief, LLC, in the Bergen county lawsuit has named a confidential informant. That upon information and belief, the confidential informant is Zaman.

66.     That upon information and belief, Zaman is the subject of a federal warrant in connection with deportation proceedings.

67.     That upon information and belief, Creditor's Relief, LLC's, offices were raided in connection with the above referenced federal warrant.

68.     That the whereabouts of Zaman are unknown to plaintiffs at this time.

69.     That the Bergen county lawsuit is the second of such a type of action filed by Creditor's Relief, LLC, against business competitors within 18 months.

70.     On or about September 26, 2017, Creditor's Relief, LLC, filed an action against United Debt Settlement, LLC d/b/a United Settlement, et al. in the United States District Court, District Of New Jersey, Civil Action No. 17-cv-7474.

71.     That it is a regular and usual business practice of Creditor's Relief, LLC, to file lawsuits against competitors to eliminate free market enterprise and in attempt to acquire desirable business relationships.

72.     On or about March 18, 2019, Adam, a representative from Renaissance Capital Group, LLC, spoke with an individual named Victor DePaulo who stated that he spoke with a representative from Creditor's Relief, LLC, who falsely stated, among others things, that Jacovetti Law, P.C. is breaking the law and would not be practicing law within two weeks.

73.     On or about April 25, 2019, Ana, a representative from Renaissance Capital Group, LLC, spoke with an individual name Lawrence Rogers who summarized false statements made by "Rocca" from Creditor's Relief, LLC, regarding Jacovetti Law, P.C. paraphrasing "...you guys are not good and you guys do bad business by the merchants...."

74.     That it is a regular and usual business practice of Creditor's Relief, LLC, to intentionally use false, pejorative and slanderous statements to eliminate competition and to gain unfair advantage over prospective customers and interfering with their competition's existing or prospective customers.

75.     Creditor's Relief, LLC, is doing business within New York State and is engaged in budget planning in violation of New York State Gen. Bus. Law sec. 455.

76.     Law Office of Michael Lupolover, P.C. is doing business within the State of New York State and is engaged in the budget planning through Creditor's Relief, LLC, in violation of New York State Gen. Bus. Law sec. 455 and article twelve-C of New York's banking law.

77.     Creditor's Relief, LLC, is engaged in budget planning within New York State without a budget planning license as required by New York State Gen. Bus. Law sec. 455 and article twelve-C of New York's banking law.

78.     Creditor's Relief, LLC, is engaged in the unlicensed practice of law within the State Of New York pursuant to the standard set by New York State Gen. Bus. Law sec. 455 and article twelve-C of New York's banking law.

## AS AND FOR THE FIRST CLAIM FOR RELIEF
### 18 U.S.C. § 1836 – Defend Trade Secrets Act

79.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through **78** as though fully set forth herein.

80.     That Creditor's Relief, LLC, and Ultimate had a relationship and that Creditor's Relief had a duty to maintain the secrecy of Ultimate's trade secrets.

81.     Creditor's Relief, LLC, shared Ultimate's trade secrets with other entities, including, at least, Premier and Stiblei.

82.     That Ultimate did not consent to Creditor's Relief, LLC, sharing it's trade secrets with Premier and Stiblei.

83.     That there was an expectation on the part of Ultimate that Creditor's Relief would not share Ultimate's trade secrets with third parties.

84.     That Creditor's Relief, LLC, did violate a duty maintain the secrecy of the trade secret to Ultimate.

85.     That Creditor's Relief, LLC, did breach the trust of Ultimate by sharing Ultimate's trade secrets with other companies and/or persons.

86.     That Ultimate has suffered dilution of its trade secret by the actions of Creditor's Relief, LLC.

87.     That because of the foregoing, Ultimate has been permanently harmed and will suffer continuously.

**AS AND FOR THE SECOND CLAIM FOR RELIEF**
**Misappropriation of Trade Secret – Common Law**

88.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through **87** as though fully set forth herein.

89.     That Creditor's Relief, LLC, and Ultimate had a relationship and that Creditor's Relief had a duty to maintain the secrecy of Ultimate's trade secrets.

90.     Creditor's Relief, LLC, shared Ultimate's trade secrets with other entities, including, at least, Premier and Stiblei.

91.     That Ultimate did not consent to Creditor's Relief, LLC, sharing its trade secrets with Premier and Stiblei.

92.     That there was an expectation on the part of Ultimate that Creditor's Relief would not share Ultimate's trade secrets with third parties.

93.     That Creditor's Relief, LLC, did violate a duty maintain the secrecy of the trade secret to Ultimate.

94.     That Creditor's Relief, LLC, did breach the trust of Ultimate by sharing Ultimate's trade secrets with other companies and/or persons.

95.     That Ultimate has suffered dilution of its trade secret by the actions of Creditor's Relief, LLC.

96.     That because of the foregoing, Ultimate has been permanently harmed and will suffer continuously.

**AS AND FOR THE THIRD CLAIM FOR RELIEF**
**Unfair Competition**

97.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through **96** as though fully set forth herein.

98.     Creditor's Relief, LLC, used corporate espionage against plaintiffs.

99.     Creditor's Relief, LLC, used corporate entrapment against plaintiffs.

100.    Creditor's Relief, LLC, published plaintiff's trade secrets to third parties for their own benefit and for the benefit of third parties.

101.    Creditor's Relief, LLC, used false, pejorative and slanderous statements to chill free enterprise, to gain advantage over prospective customers, to gain advantage over plaintiffs' existing customers and prospective customers.

102.    Creditor's Relief, LLC, used civil proceedings to exert economic pressure over plaintiffs

103.    Creditor's Relief, LLC, used the foregoing to chill competition and in an attempt to acquire desirable business relationships.

104.    That plaintiffs have had to expend considerable time and resources to counter the actions of Creditor's Relief, LLC, including but not limited to, dealing with day to day operations as an employee was planted for corporate espionage, entrapment, losing customers as a result of the previously described defamation and legal fees for defending the Bergen county lawsuit.

105.    The results described herein were caused directly by the actions of Creditor's Relief, LLC, and other defendants as enumerated above.

106.    That in fact, the plaintiffs loss of time, money and revenue were caused by the actions of Creditor's Relief, LLC.

107.    That because of the foregoing, plaintiffs been permanently harmed and will suffer continuously.

## AS AND FOR THE FOURTH CLAIM FOR RELIEF
### Defamation Per Se

108.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through **106** as though fully set forth herein.

109.    That employees of Creditor's Relief, LLC, made oral defamatory statements about Jacovetti Law, P.C.

110.    That Creditor's Relief, LLC, made oral defamatory statements about Jacovetti Law, P.C.

17

111.    That the foregoing defamatory statements were published without privilege or authorization to others by the Creditor's Relief, LLC.

112.    That the false facts published would tend to injure a lawyer in his or her business trade or profession.

113.    That the false facts published did injure a Jacovetti Law, P.C., in his or her business trade or profession. That is that a client stopped making payments in their debt relief program with Jacovetti Law, P.C., and entered into a contract for debt relief services with Creditor's Relief, LLC.

114.    That Creditor's Relief, LLC is vicariously liable for the statements made by their employees.

115.    That because of the foregoing, Jacovetti Law, P.C. and all plaintiffs have been permanently harmed and will suffer continuously.

### AS AND FOR THE FIFTH CLAIM FOR RELIEF
**Fraud**

116.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through **115** as though fully set forth herein.

117.    That Creditor's Relief, LLC, planted a confidential informant in the plaintiffs' business operations. Under the directions of Creditor's Relief, LLC, the confidential informant applied for a job as an employee under false pretenses. The end goal for Creditor's Relief, LLC, was to create a corporate espionage, corporate entrapment and set the stage for a lawsuit in order to stifle competition and force plaintiffs individually and/or combined to enter into business relationships with Creditor's Relief, LLC.

118.    That the employment application of the confidential informant induced the plaintiff to hire such as an employee.

119.    Creditor's Relief, LLC, knew of the falsity of the application as it was their intent to deceive and create a stage for a lawsuit as is their common business practice of eliminating competition and free market practice. This is also their attempt to exert pressure on parties they desire to form a business relationship with.

120.    That no plaintiffs had knowledge of the fraud. That numerous employees had left Creditor's Relief, LLC, as they were moving their operations offshore to Romania, as such plaintiffs had no reason to suspect that such application was fraudulent.

121.    That the plaintiffs actually relied on the false application and did hire the confidential informant as an employee.

122.    Plaintiffs would not have discovered that the confidential informant was planted by Creditor's Relief, LLC, through a standard employment screening process.

123.    As a direct result of hiring the confidential informant under fraudulent circumstances, that such confidential informant was able to complete some degree of corporate espionage and engage in corporate entrapment, further Creditor's Relief, LLC, has been able to, albeit unsuccessfully, but nonetheless engage in civil litigation against the plaintiffs in the Bergen county lawsuit. And that this has caused harm and damage to all plaintiffs, in actual cost and reputation.

124.    That because of the foregoing, Jacovetti Law, P.C. and all plaintiffs have been permanently harmed and will suffer continuously.

### AS AND FOR THE SIXTH CLAIM FOR RELIEF
**Conspiracy**

125.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through **124** as though fully set forth herein.

126.    That defendants, Creditor's Relief, LLC, Lupolover Mgmt., Inc., Law Offices Of Michael Lupolover, P.C., Iazzetta Law, P.C., Michael Lupolover, Suzanne Iazzetta, Peter Tiflinsky, Alan Tunit, Affiliate Marketing Group, LLC, Premier Developers, LLC, Premier Credit Pro, LLC, Premier Capital, LLC, Premier Solutions Today, LLC, Premier Pro Management, LLC, Capital Comeback, LLC, Premier Debt Help, LLC, Premier Financial, LLC d/b/a mycapitalkey.com, Premier Data World, LLC, Premier Debt Pro Servicing, LLC, and/or Premier Consultant Group, LLC d/b/a Premier Debt Solvers did act in concert to execute a scheme to commit various torts against plaintiffs individually and combined, including: misappropriation of trade secrets, unfair competition, defamation, fraud, tortious interference with prospective economic advantage, tortious interference with existing contractual relationships, tortious interference with business relations and prima facie torts.

127.    As previously explained, that the owners of Creditor's Relief, LLC, do own multiple corporations that share workspace, employees and other resources. That these work spaces, employees and other resources are shifted around as needed. Further that Lupolover and his associates do and did, shift their operations offshore to Romania through the use of their shell company, Premier.

128.    That trade secrets were passed from Creditor's Relief, LLC, to Premier for the benefit of Premier and Creditor's Relief, LLC.

129.    That a confidential informant was planted in plaintiffs' business as an employee and that the information provided by the confidential informant was later the basis of a lawsuit against the plaintiffs.

130.    That because of the foregoing, Jacovetti Law, P.C. and all plaintiffs have been permanently harmed and will suffer continuously.

## AS AND FOR THE SEVENTH CLAIM FOR RELIEF
### Tortious Interference with Prospective Economic Advantage

131.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through **130** as though fully set forth herein.

132.    That employees of Creditor's Relief, LLC, made oral defamatory statements about Jacovetti Law, P.C. to a prospective customer.

133.    That Creditor's Relief, LLC, made oral defamatory statements about Jacovetti Law, P.C. to a prospective customer.

134.    That the prospective customer was already an existing customer of the plaintiffs.

135.    That the existing customer of the plaintiffs was enrolled in a debt relief program with the plaintiffs.

136.    That the foregoing defamatory statements were published without privilege or authorization to others by the Creditor's Relief, LLC.

137.    That the false facts published would tend to injure a lawyer and/or plaintiffs in his or her business trade or profession.

138.    That the false facts published did injure a Jacovetti Law, P.C., and/or plaintiffs in his or her business trade or profession. That is that a client stopped making payments in their debt relief program with Jacovetti Law, P.C., and/or plaintiffs and entered into a contract for debt relief services with Creditor's Relief, LLC.

139.    That Creditor's Relief, LLC is vicariously liable for the statements made by their employees.

140.    That because of the foregoing, Jacovetti Law, P.C. and all plaintiffs have been permanently harmed and will suffer continuously.

### AS AND FOR THE EIGHTH CLAIM FOR RELIEF
**Tortious Interference with Existing Contractual Relationships**

141.   Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through **140** as though fully set forth herein.

142.   That employees of Creditor's Relief, LLC, made oral defamatory statements about Jacovetti Law, P.C. to a prospective customer.

143.   That Creditor's Relief, LLC, made oral defamatory statements about Jacovetti Law, P.C. to a prospective customer.

144.   That the prospective customer was already an existing customer of the plaintiffs.

145.   That the existing customer of the plaintiffs was enrolled in a debt relief program with the plaintiffs.

146.   That the foregoing defamatory statements were published without privilege or authorization to others by the Creditor's Relief, LLC.

147.   That the false facts published would tend to injure a lawyer and/or plaintiffs in his or her business trade or profession.

148.   That the false facts published did injure a Jacovetti Law, P.C., and/or plaintiffs in his or her business trade or profession. That is that a client stopped making payments in their debt relief program with Jacovetti Law, P.C., and/or plaintiffs and entered into a contract for debt relief services with Creditor's Relief, LLC.

149.   That Creditor's Relief, LLC is vicariously liable for the statements made by their employees.

150.   That because of the foregoing, Jacovetti Law, P.C. and all plaintiffs have been permanently harmed and will suffer continuously.

## AS AND FOR THE NINTH CLAIM FOR RELIEF
### Tortious Interference with Business Relations

151.   Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through **150** as though fully set forth herein.

152.   That employees of Creditor's Relief, LLC, made oral defamatory statements about Jacovetti Law, P.C. to a prospective customer.

153.   That Creditor's Relief, LLC, made oral defamatory statements about Jacovetti Law, P.C. to a prospective customer.

154.   That the prospective customer was already an existing customer of the plaintiffs.

155.   That the existing customer of the plaintiffs was enrolled in a debt relief program with the plaintiffs.

156.   That the foregoing defamatory statements were published without privilege or authorization to others by the Creditor's Relief, LLC.

157.   That the false facts published would tend to injure a lawyer and/or plaintiffs in his or her business trade or profession.

158.   That the false facts published did injure a Jacovetti Law, P.C., and/or plaintiffs in his or her business trade or profession. That is that a client stopped making payments in their debt relief program with Jacovetti Law, P.C., and/or plaintiffs and entered into a contract for debt relief services with Creditor's Relief, LLC.

159.   That Creditor's Relief, LLC is vicariously liable for the statements made by their employees.

160.   That because of the foregoing, Jacovetti Law, P.C. and all plaintiffs have been permanently harmed and will suffer continuously.

## AS AND FOR THE TENTH CLAIM FOR RELIEF
### Prima Facie Tort

161.   Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through **160** as though fully set forth herein.

162.   That employees of Creditor's Relief, LLC, made oral defamatory statements about Jacovetti Law, P.C. to a prospective customer.

163.   That Creditor's Relief, LLC, made oral defamatory statements about Jacovetti Law, P.C. to a prospective customer.

164.   That the prospective customer was already an existing customer of the plaintiffs.

165.   That the existing customer of the plaintiffs was enrolled in a debt relief program with the plaintiffs.

166.   That the foregoing defamatory statements were published without privilege or authorization to others by the Creditor's Relief, LLC.

167.   That the false facts published would tend to injure a lawyer and/or plaintiffs in his or her business trade or profession.

168.   That the false facts published did injure a Jacovetti Law, P.C., and/or plaintiffs in his or her business trade or profession. That is that a client stopped making payments in their debt relief program with Jacovetti Law, P.C., and/or plaintiffs and entered into a contract for debt relief services with Creditor's Relief, LLC.

169.   That Creditor's Relief, LLC is vicariously liable for the statements made by their employees.

170.   That because of the foregoing, Jacovetti Law, P.C. and all plaintiffs have been permanently harmed and will suffer continuously.

24

**WHEREFORE**, as a result of defendants, Creditor's Relief, LLC, Lupolover Mgmt., Inc., Law Offices Of Michael Lupolover, P.C., Iazzetta Law, P.C., Michael Lupolover, Suzanne Iazzetta, Peter Tiflinsky, Alan Tunit, Affiliate Marketing Group, LLC, Premier Developers, LLC, Premier Credit Pro, LLC, Premier Capital, LLC, Premier Solutions Today, LLC, Premier Pro Management, LLC, Capital Comeback, LLC, Premier Debt Help, LLC, Premier Financial, LLC d/b/a mycapitalkey.com, Premier Data World, LLC, Premier Debt Pro Servicing, LLC, and Premier Consultant Group, LLC d/b/a Premier Debt Solvers, unlawful conduct and actions alleged herein, Plaintiffs demands judgment severably and jointly:

a. **As and for each and every Claim for Relief**: (a) compensatory damages in an amount to be determined at trial; (b) punitive damages in an amount to be determined at trial; (d) pre and post judgment interest; (e) attorney fees, costs and disbursements; (f) and for such other and further relief as this Court may deem just and proper.

Dated:      New York, New York
May 8, 2019

**HUERTA, PLLC**
*Attorneys for Plaintiffs*

By: _____
Michael A. Huerta *Bar No. MH1408*

Huerta PLLC
1 World Trade Center, Ste. 8500
New York, New York 10007

212-729-4385 t
866-959-0064 f
michael@huertapllc.com

25