# Graff Silverstein LLP
## ATTORNEYS AT LAW

David Graff, Esq.<br>
60 Hawthorne Way<br>
Hartsdale, NY 10530<br>
dgraff@graffsilversteinllp.com<br>
(914)-844-5939

June 14, 2019

**<u>VIA ECF</u>**
The Honorable Frederic Block
U.S. District Court
Eastern District of New York
225 Camdan Plaza East
Brooklyn, New York 11201

Re:   *Jacovetti Law, P.C., et al. v. Creditor's Relief, LLC et. al.*, Case No. 2:19-cv-02697

Dear Judge Block:

    We represent Creditor's Relief, LLC, Lupolover Mgmt., Inc., Law Offices of Michael Lupolover, P.C., Michael Lupolover, Peter Tiflinsky, Allan Tunit, Affiliate Marketing Group, LLC, Premier Developers, LLC, Premier Credit Pro, LLC, Premier Capital, LLC, Premier Solutions Today, LLC, Premier Pro Management, LLC, Capital Comeback, LLC, Premier Debt Help, LLC, Premier Financial, LLC d/b/a mycapitalkey.com, Premier Data World, LLC, Premier Debt Pro Servicing, LLC, Premier Consultant Group, LLC d/b/a Premier Debt Solvers and Premier Financial, LLC ("Defendants") in the above-referenced action and we are writing pursuant to Your Honor's Individual Rule 2(a) to advise Your Honor, and Plaintiffs, that Defendants intend to file a motion for dismissal pursuant to the first-to-file rule, federal abstention doctrine, for want of personal jurisdiction, and under the fraud on the court doctrine. Similarly, in accordance with Your Honor's Individual Rule 2(a), we submit a short and plain statement of the grounds supporting our forthcoming application.

    Plaintiffs commence the instant action (the "New York Action") in an improper and concealed attempt at forum shopping to avoid their obligations, and the consequences of their failures to abide by Court Orders, in the Superior Court of New Jersey, Law Division, Bergen County. On February 25, 2019, <u>Creditors Relief, LLC v. Renaissance Capital Group, LLC, et. al.</u>, Case No. BER-L-001456-19 (the "New Jersey Action") had been commenced against the

Plaintiffs by Creditors Relief, LLC.[1] The Court, on March 1, 2019, entered a Consent Order restraining the Plaintiffs from using, or retaining, any of the proprietary information, confidential information, or trade secrets that Plaintiffs had misappropriated and converted from Creditors Relief, LLC, and had weaponized against them in the marketplace in which they both operate: the debt settlement and restructuring business (the "Consent Order").

Since then, Plaintiffs have consistently and systematically violated that Consent Order, and have refused to meaningfully participate in the New Jersey Action. Plaintiffs failed to comply with document discovery in the New Jersey Action; the scant document production made by the Plaintiffs in the New Jersey Action demonstrates egregious violations of the Consent Order (i.e., continued retention and use of Creditors Relief intellectual property); and, Plaintiffs failed to respond to various meet and confer correspondence in the New Jersey Action. Instead, the Plaintiffs, two days after receipt of the most substantive meet and confer letter from Creditors Relief, commenced this Action concerning the same issues, with, in essence, the same parties, and concerning the same subject matter – the intellectual property – subject to the New Jersey Action, and the subject of the Consent Order in the New Jersey Action.[2] Notwithstanding Plaintiffs, the New Jersey Action is far along. Creditors Relief has produced 50,000 pages of discovery, noticed seven depositions, the final date for fact discovery is July 12, 2019, and dispositive motions shall be heard this fall.

Under such circumstances, the New York Action violates the well-settled "first-to-file rule." AEI Life, LLC v. Lincoln Benefit Life Co., 2015 U.S. Dist. LEXIS 170225 (E.D.N.Y. 2015). Further, such conduct runs afoul of federal abstention doctrines. Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976); Burnett v. Physician′s Online, Inc., 99 F.3d 72, 76 (2d Cir. 1996). Thus, the matter should be dismissed, or, in the alternative, stayed in favor of the New Jersey Action.

No personal jurisdiction over any of the Defendants named in the New York Action exists. No Defendants are domiciled or incorporated in New York. *See,* Complaint at ¶¶ 5 – 29. Thus, no general jurisdiction can exist. Goodyear Dunlop Tires Operations v. Brown, 131 S. Ct. 2846, 2851 (2011) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)); Daimler, 134 S. Ct. at 761 n.19; Sonera Holding B.V., 750 F.3d at 223 (noting that the *Daimler* opinion "reaffirms that general jurisdiction extends beyond an entity's state of incorporation and principal place of business only *in the exceptional case* where its contacts

---

[1] Plaintiffs Complaint is, upon analysis, and in substance, against Creditors Relief, LLC, *only*. Defendants Lupolover, Tunit, Tiflinsky own Creditors Relief; Lupolover, and Tunit are the managing member, and chief operating member of Creditors Relief; Iazzetta (and her law firm) is the general counsel for Creditors Relief; Premier Development, LLC is a real estate concern owned by Tiflinsky, Lupolover Mgmt., Inc. is a consulting company owned by Lupolover, and Law Offices of Michael Lupolover, P.C. is Michael Lupolover's law firm, none of which have any affiliation to this matter, *whatsoever*; and, the remainder of the Defendants are non-operational defunct entities that do not perform "acts" (i.e., no less tortious acts), and had been non-operational defunct entities at the time this Complaint had been filed. **Plaintiffs' Complaint does not attempt to distinguish Defendants but (albeit erroneously) combine the Defendants into a single corporate structure operating through Creditors Relief, LLC.** See, Complaint, at ¶ 48.

[2] The Answer – *oddly* supplemented by various affidavits as Exhibits – filed by Plaintiffs in the New Jersey Action and the Complaint in this Action are *identical* in sum, substance, and often wording. Compare, e.g., Complaint at ¶¶ 31-42 and New Jersey Action Answer at ("Affidavit of John Micheline"); Complaint at ¶¶ 42-74 and New Jersey Action Answer at 1, 5-7, 89 – 93, 96-99, 101, 103, 106, 108, 112, 116, 124, 126 – 128, 134 – 136, 141, 142, 147, 154, 163, 165, 167, 169, 174, 181 and "Affidavits of Barry Shargel."

with another forum are so substantial as to render it at home in that state") (emphasis added) (internal quotation and citation omitted).

No specific jurisdiction exists. No jurisdictionally meaningful connection exists between the Defendants' conduct and New York. Walden v. Fiore, 571 U.S. 277 (2014) (holding to establish minimum contacts, the plaintiff cannot be the only link between the defendant and the forum. Due process requires that a defendant be hauled into court in a forum state based on his own affiliation with the state, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the state). The case law governing the claims (i.e., sounding in defamation and bald assertions of conspiracy) only further support want of personal jurisdiction. Legros v Irving, 38 AD 2d 53, 56 (1st Dept. 1971) (CPLR 302(a) – New York's Long Arm Statute – expressly excludes defamation styled torts as that which would justify exercise of personal jurisdiction); Blue Waters Communications Holdings v. Ecklestone, 2014 NY Slip Op. 07600 (1st Dep't 2014) (mere conclusory allegation of a conspiracy does not make it so, and is insufficient to justify jurisdiction on that basis); Findlay v Duthuit, 86 AD2d 789, 790 (1st Dept. 1982) (courts must decline jurisdiction over claims that attempt to avoid the requirements of New York's long-arm statute by merely restating a defamation claim under a different name, such as tortious interference with contract or business advantage).

Defendants in the New Jersey Action (i.e., plaintiffs in the New York Action) omit any reference to this matter on the Civil Cover Sheet, under "VIII Related Cases If Any." Such an omission constitutes a false statement to the federal court that conceals from it the applicability of the first-to-file rule and federal abstention doctrines. CDR Creances S.A.S. v. Cohen, 2014 NY Slip Op. 03294 (2014) (holding if "a court concludes that clear and convincing evidence establishes fraud on the court, it may strike a pleading and enter a default judgment."). Given all the foregoing circumstances, Defendants omission on the Civil Cover Sheet warrants dismissal with prejudice, with an award of fees and costs.

We thank the Court for its courtesies and attention.[3]

                                                  Very truly yours,

                                                  **Graff Silverstein, LLP**

                                                  /s/ David Graff_____
                                                  David Graff

cc: Counsel for Plaintiffs (*via ECF*)

---

[3] As per conversations with Your Honor's Chambers, it is our understanding that submission of this correspondence stays Defendants' time to file its motion, or otherwise respond to the Complaint, and accordingly, we will not file any further papers until the pre-motion conference is convened.