

# HUERTA PLLC
### Attorneys at Law

447 Broadway, #245
New York, New York 10013

telephone 212-729-4385
facsimile 866-959-0064

July 1, 2019

The Honorable Frederic Block
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**VIA ECF**             <u>**RESPONSE IN OPPOSITION**</u>

RE:      Jacovetti Law, P.C. et al. v.
            Creditor's Relief, LLC et al.
            Case No. 2:19-cv-02697

Dear Judge Block:

     This firm represents Jacovetti Law, P.C. et al. in the above referenced action. This letter is sent in response to Defendants' letter dated June 14, 2019.

     First, with respect to the pending action in the Superior Court of New Jersey, Law Division, Bergen County, case number BER-L-001456-19, <u>Creditors Relief, LLC v. Renaissance Capital Group, LLC et al.</u>, a consent agreement was executed and so ordered by Judge Estela M. De La Cruz, J.S.C.

     Defendants in the New Jersey action, Renaissance Capital Group et al., complied with, and continue to comply with, the requirements of that agreement in its entirety. Plaintiff in the New Jersey action, Creditor's Relief, LLC, filed two discovery motions that included conclusory statements alleging the consent order was violated; this in an attempt to mislead this court. The consent order simply was not violated in any manner by Defendants.

     Second, with respect to the first-to-file rule, the pendency of a State Court action is no bar to proceedings concerning the same matter in Federal District Court. There is no invariable mandate to enforce the presumption that the first suit, in this case the New Jersey State action, should have priority absent the showing

of a balance of convenience or special circumstances. This rule is not meant to be applied rigidly and may be ignored when there is proof of desirability of proceeding in the forum of the second instant action. Indeed special circumstances apply in this instant action, including but not limited to the claims asserted therein.

The District Court must weigh several factors when determining whether or not abstention is warranted; not the least of these factors is whether or not the State Court proceeding will adequately protect the rights of the party seeking to invoke Federal jurisdiction. However, it must be recognized that the balance of such factors are weighed

heavily in favor of jurisdiction. A careful considered judgment is required and only the clearest of justifications will warrant abstention or dismissal from the District Court.

Finally, due process requires that the individual or corporate defendant to a judgment *in personam* must have a presence within the forum state, exercising jurisdiction. However, a corporate defendant can only manifest presence within the state through its activities that are continuous and systematic, to wit minimum contacts. Clearly, the Defendants in the instant action enjoy the privilege of conducting continuous and systematic activities within New York State, including the practice of law, contracting with New York State residents, marketing services to residents of the state, and more.

Furthermore, defendants who purposefully reach into another state by their conduct establish the necessary connection to the forum state. Here it can be stated that the exercise of jurisdiction over the instant Defendants, intentional tortfeasors, is based on the Defendants' intentional conduct to commit a fraud and conspire to commit fraud and so creates the necessary contact with the instant forum.

Finally, in their letter of June 14, 2019, instant Defendants cite to case law for the proposition that Plaintiffs made a false statement to this Court. <u>CDR Creances S.A.S v. Cohen</u>, 2014 NY Slip Op. 03294 (2014). The relied upon decision referred to two well advanced and separate actions and seven motions filed therein. In all the relied upon discovery, motions papers, etc. there was no fact evidence, or affidavits submitted to support the Cohen defendants arguments. This case has no binding or

persuasive authority that can be applied to the instant action; simply put the facts are in no way similar to the facts herein.

If you have any questions or require additional information, please feel free to contact me at the above referenced telephone number or email address.

Sincerely,

Michael A. Huerta
*Attorney & Counselor at Law*
Bar No. 1408