# Graff Silverstein LLP
## ATTORNEYS AT LAW

David Graff, Esq.<br>
60 Hawthorne Way<br>
Hartsdale, NY 10530<br>
dgraff@graffsilversteinllp.com<br>
(914)-844-5939

July 12, 2019

***VIA ECF***
The Honorable Frederic Block
U.S. District Court
Eastern District of New York
225 Camdan Plaza East
Brooklyn, New York 11201

Re:   *Jacovetti Law, P.C., et al. v. Creditor's Relief, LLC et. al.*, Case No. 2:19-cv-02697

Dear Judge Block:

We represent Creditors Relief, LLC, Lupolover Mgmt., Inc., Law Offices of Michael Lupolover, P.C., Michael Lupolover, Peter Tiflinsky, Allan Tunit, Affiliate Marketing Group, LLC, Premier Developers, LLC, Premier Credit Pro, LLC, Premier Capital, LLC, Premier Solutions Today, LLC, Premier Pro Management, LLC, Capital Comeback, LLC, Premier Debt Help, LLC, Premier Financial, LLC d/b/a mycapitalkey.com, Premier Data World, LLC, Premier Debt Pro Servicing, LLC, Premier Consultant Group, LLC d/b/a Premier Debt Solvers and Premier Financial, LLC ("Defendants") in the above-referenced action.

We are writing to provide the Court a critical Order entered on July 12, 2019 by the Superior Court of New Jersey, Law Division, Bergen County, case number BER-L-001456-19 Creditors Relief, LLC v. Renaissance Capital Group, LLC, et. al. (the "Order"). See, **Exhibit A.** This Order (which speaks for itself) demonstrates that statements from Plaintiffs in their July 1, 2019 correspondence to this Court are false. In that, Plaintiffs wrote, in their July 1, 2019 correspondence to this Court:

> Defendants in the New Jersey action, Renaissance Capital Group, et. al., complied with and continue to comply with the requirements of [the Consent Order] in its entirety. Plaintiff in the New Jersey action, Creditor's [sic] Relief, LLC, filed two discovery motions that included conclusory statements alleging a Consent Order was violated; this is an attempt to mislead this court. The consent order

1

simply was not violated in any manner by the Defendants." See, **Exhibit B.**

We thank the Court for its courtesies and attention.[1]

                                              Very truly yours,

                                              **Graff Silverstein, LLP**

                                              /s/ David Graff
                                              David Graff

cc: Counsel for Defendants (*via ECF*)

---

[1] Defendants are constrained to note that the Order strikes as "scandalous, vague, ambiguous and not founded on facts asserted" the affidavits, exhibits and certain statements in the Answer in the New Jersey Action, as submitted by the Plaintiffs in the instant action. As discussed in Defendants' main correspondence in support of a pre-motion conference, dated June 14, 2019, such allegations, affidavits, and exhibits comprise the substance of the Complaint in this matter. Thus, the New Jersey court, seemingly, has made clear its opinion on the allegations comprising the Complaint before this Court.

# Ex. A

David Graff, Esq. - 034872008
Matthew J. Silverstein -001842009
GRAFF SILVERSTEIN LLP
60 Hawthorne Way
Hartsdale, NY 10530
212-381-6055
Attorneys for Defendant,
Creditors Relief, LLC

**FILED**

**JUL 1 2 2019**

**ESTELA M. DE LA CRUZ, J.S.C.**

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION, BERGEN COUNTY**

| | |
|---|---|
| CREDITORS RELIEF, LLC<br><br>Plaintiff,<br><br>vs.<br><br>RENAISSANCE CAPITAL GROUP, LLC, FCS CAPITAL, LLC, BUSINESS DEBT RELIEF, LLC d/b/a BUSINESS DEBT EXPERTS, ULTIMATE RELIEF, INC., JOHN MICHELINE, BARRY SHARGEL, EDDIE ZABRANOV, EMIL YASHAYEV, ROBERT C. JACOVETTI, ESQ., JACOVETTI LAW, P.C., DANIEL RAMOS, RICHARD SMARTT, JOHN DOES 1-100 and MARY ROE ENTITIES 1-100.<br><br>Defendants. | Case No.: BER- L-001456-19<br><br>Civil Action<br><br>**ORDER**<br>**6-4-19 Motion** |

**THIS MATTER** having been opened to the Court upon Plaintiff's Omnibus Motion to Enforce Litigants Rights; for Dismissal of Defendants' Answer, or, Alternatively, to Compel Discovery and Strike Certain Allegations and Affirmative Defendses from the Defendants' Answer (the "Motion"); and the Court having considered the papers submitted by counsel; and oral arguement having been waived by consent of counsel, as confirmed in plaintiff attorney's July 10, 2019 letter to the Court; and it appearing that good and sufficient notice of the Motion having been provided to Defendants; and for good cause appearing;

**IT IS**, on this **12th** day of **July**, 2019;

**ORDERED** that the Motion is hereby granted in part and denied in part; and it is further **ORDERED** that:

1. Defendants shall immediately and without delay fully comply with this Court's Consent Order, dated March 1, 2019, or it may be sanctioned upon future application by plaintiff, which may result in an attorney's fees award as well;

2. Defendants shall retain, at their expense, and by no later than September 13, 2019, a *neutral* third-party forensics examiner, who will document and ensure compliance with the Consent Order, dated March 1, 2019 and Scheduling Order, dated April 11, 2019;

3. **Pursuant to R. 4:23-5(a), Defendants' Answer is hereby dismissed without prejudice for failure to address the discovery dificiencies as per David Graff, Esq.'s June 5, 2019 certification at paragraph 21 to 26;**

4. Pursuant to R. 4:23-5(c), Defendants shall fulfill their obligations to address and satisfy the outstanding discovery dificiencies by no later than September 13, 2019;

5. Pursuant to Court Rules 4:5-3 and 4:5-4 and 4:6-4, the affidavits and exhibits submitted in connection with the Defendants' Answer are hereby stricken from the Defendants' Answer, as are the following statements in Defendants' Answer: "nothing more than bold faced defamation in the form of libel," "using corporate espionage," "fabricating documents," and "making false claims about the creation of those documents", as they are deemed to be scandalous, vague, ambiguous and not founded on facts asserted;

6. Pursuant to R. 4:6-4 the following statements are stricken from Defendants' Answer as being so vague, ambigouos and scandalous: "nothing more than bold faced defamation in the form of libel," "using corporate espionage," "fabricating documents," and

"making false claims about the creation of those documents;"and

7. Fees are hereby denied at this juncture, as the Defendants are being given a reasonable opportunity to address dificiencies in discovery production.

The Court is providing a copy of this Order to all counsel of record via eCourts Civil. Movant is directed to serve a copy of this Order within seven (7) days of the date hereof on all parties not served electronically.

_____
HON. ESTELA M. DE LA CRUZ, J.S.C.

**OPPOSED**

Page 3

# Ex. B



**HUERTA PLLC**

Attorneys at Law

447 Broadway, #245
New York, New York 10013

telephone 212-729-4385
facsimile 866-959-0064

July 1, 2019

The Honorable Frederic Block
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**VIA ECF**                     RESPONSE IN OPPOSITION

RE:     Jacovetti Law, P.C. et al. v.
        Creditor's Relief, LLC et al.
        Case No. 2:19-cv-02697

Dear Judge Block:

   This firm represents Jacovetti Law, P.C. et al. in the above referenced action. This letter is sent in response to Defendants' letter dated June 14, 2019.

   First, with respect to the pending action in the Superior Court of New Jersey, Law Division, Bergen County, case number BER-L-001456-19, Creditors Relief, LLC v. Renaissance Capital Group, LLC et al., a consent agreement was executed and so ordered by Judge Estela M. De La Cruz, J.S.C.

   Defendants in the New Jersey action, Renaissance Capital Group et al., complied with, and continue to comply with, the requirements of that agreement in its entirety. Plaintiff in the New Jersey action, Creditor's Relief, LLC, filed two discovery motions that included conclusory statements alleging the consent order was violated; this in an attempt to mislead this court. The consent order simply was not violated in any manner by Defendants.

   Second, with respect to the first-to-file rule, the pendency of a State Court action is no bar to proceedings concerning the same matter in Federal District Court. There is no invariable mandate to enforce the presumption that the first suit, in this case the New Jersey State action, should have priority absent the showing

of a balance of convenience or special circumstances. This rule is not meant to be applied rigidly and may be ignored when there is proof of desirability of proceeding in the forum of the second instant action. Indeed special circumstances apply in this instant action, including but not limited to the claims asserted therein.

The District Court must weigh several factors when determining whether or not abstention is warranted; not the least of these factors is whether or not the State Court proceeding will adequately protect the rights of the party seeking to invoke Federal jurisdiction. However, it must be recognized that the balance of such factors are weighed

heavily in favor of jurisdiction. A careful considered judgment is required and only the clearest of justifications will warrant abstention or dismissal from the District Court.

Finally, due process requires that the individual or corporate defendant to a judgment *in personam* must have a presence within the forum state, exercising jurisdiction. However, a corporate defendant can only manifest presence within the state through its activities that are continuous and systematic, to wit minimum contacts. Clearly, the Defendants in the instant action enjoy the privilege of conducting continuous and systematic activities within New York State, including the practice of law, contracting with New York State residents, marketing services to residents of the state, and more.

Furthermore, defendants who purposefully reach into another state by their conduct establish the necessary connection to the forum state. Here it can be stated that the exercise of jurisdiction over the instant Defendants, intentional tortfeasors, is based on the Defendants' intentional conduct to commit a fraud and conspire to commit fraud and so creates the necessary contact with the instant forum.

Finally, in their letter of June 14, 2019, instant Defendants cite to case law for the proposition that Plaintiffs made a false statement to this Court. <u>CDR Creances S.A.S v. Cohen</u>, 2014 NY Slip Op. 03294 (2014). The relied upon decision referred to two well advanced and separate actions and seven motions filed therein. In all the relied upon discovery, motions papers, etc. there was no fact evidence, or affidavits submitted to support the Cohen defendants arguments. This case has no binding or

persuasive authority that can be applied to the instant action; simply put the facts are in no way similar to the facts herein.

    If you have any questions or require additional information, please feel free to contact me at the above referenced telephone number or email address.

Sincerely,

Michael A. Huerta
*Attorney & Counselor at Law*
Bar No. 1408